#### UNITED STATES DISTRICT COURT
#### NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **DOLORES J. MANLEY,** | ) | **CASE NO. 1:14 CV 1751** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF CLEVELAND** | ) | **MEMORANDUM OF OPINION** |
| **POLICE DEPARTMENT,** | ) | **AND ORDER** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* plaintiff Dolores J. Manley filed this civil rights action against the City of Cleveland Police Department. She has filed application to proceed without prepayment of fees. (Doc. No. 2.) Plaintiff's application to proceed without prepayment of fees is granted and, because the plaintiff is proceeding *in forma pauperis*, this Court must screen her complaint under 28 U.S.C. §1915(e), which requires the Court to dismiss an *in forma pauperis* action at any time if it is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. The plaintiff's complaint fails to state a claim on which relief may be granted and is hereby dismissed.

Although pleadings filed by *pro se* litigants are to be "liberally construed" and are held to "less stringents standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v.*

*Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011). To survive a dismissal, the plaintiff's factual allegations must be enough to raise the right to relief above the speculative level "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Furthermore, Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Although a complaint need not contain detailed allegations, it must contain more than "labels and conclusions" but sufficient allegations to "give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atlantic Corp.*, 550 U.S. at 555.

The plaintiff's complaint, even liberally construed, fails to meet these basic pleading standards or state any plausible claim. The plaintiff does not allege any legal cause of action whatsoever in her complaint, nor does she clearly allege her basis for any claim, or the person or people involved in any allegedly unlawful conduct. She merely alleges, in vague and conclusory terms, that she was accused of calling 911 and wrongfully arrested in December 2013; her bond was "to[o] high" because she presented no threat and did not have an arrest record; she had to go for "phy[sical] testing" in January and February, which "both came out positive in [her] favor"; and "she could have been bonded out but was refused because [her] named person could not get [her] property because he was not a family member." These vague and disconnected allegations are

wholly insufficient to give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests as the Federal Rules of Civil Procedure require. The leniency with which courts construe *pro se* complaints does not abrogate basic pleading requirements designed to ensure that courts and defendants do "not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989); *see also Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir.2006) (in evaluating a *pro se* complaint, a court is "not required to either guess the nature of or create a litigant's claim").

### Conclusion

For the reasons stated above, this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                              */s/Dan Aaron Polster   1/8/15*
                                              DAN AARON POLSTER
                                              UNITED STATES DISTRICT JUDGE